UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter Alt, Barry Poole, Bruce Stark, Millowe Kleinpeter, Anthony Egert, Jeffrey Shadduck, Elizabeth Shadduck, Michael O'Leary, Justin Rubel, Gary Nemerofsky, Linda Jean Kreutzer, John Hassinger, Sandra Kacher, Veronica Duncan, Chuck Kellington, Thomas Brown, Anthony Darden, Kathleen Cobb, Ronald Lee, Eli Hernandez, Ellen McMillian, Lavern Augustine, Lois Riddle, Russell Stark, Robin Hays, Jimmie Williams, Sergey Grishchuk, Lillya Grishchuk, and Greg Richard, | Civil Action No.: _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions, | |
| Defendant. | |

For this Complaint, Plaintiffs, Peter Alt, Barry Poole, Bruce Stark, Millowe Kleinpeter, Anthony Egert, Jeffrey Shadduck, Elizabeth Shadduck, Michael O'Leary, Justin Rubel, Gary Nemerofsky, Linda Jean Kreutzer, John Hassinger, Sandra Kacher, Veronica Duncan, Chuck Kellington, Thomas Brown, Anthony Darden, Kathleen Cobb, Ronald Lee, Eli Hernandez, Ellen McMillian, Lavern Augustine, Lois Riddle, Russell Stark, Robin Hays, Jimmie Williams, Sergey Grishchuk, Lillya Grishchuk, and Greg Richard, state as follows:

## INTRODUCTION

1.     Plaintiffs, Peter Alt, Barry Poole, Bruce Stark, Millowe Kleinpeter, Anthony Egert, Jeffrey Shadduck, Elizabeth Shadduck, Michael O'Leary, Justin Rubel, Gary Nemerofsky, Linda Jean Kreutzer, John Hassinger, Sandra Kacher, Veronica Duncan, Chuck Kellington, Thomas Brown, Anthony Darden, Kathleen Cobb, Ronald Lee, Eli Hernandez, Ellen McMillian, Lavern Augustine, Lois Riddle, Russell Stark, Robin Hays, Jimmie Williams, Sergey Grishchuk,

Lillya Grishchuk, and Greg Richard, (collectively "Plaintiffs"), bring this action for damages resulting from the illegal actions of First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions ("Sekure" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiffs' cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Sekure is a telemarketing company that provides payment processing services. In order to promote its services, Sekure operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

3. Plaintiffs are each consumers who were on the receiving end of Sekure's telemarketing campaign. None of the plaintiffs have ever had any business relationship with Sekure or otherwise provided Sekure with permission to call their cellular telephones, yet they each have been bombarded with automated telemarketing calls from Sekure.

## JURISDICTION

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 751-53 (2012).

5. Sekure regularly engages in business in this District, including making the telemarketing calls that form the basis of Plaintiffs' claims, into this District.

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District in that Sekure's automated calls to the Plaintiffs were made into this District.

## PARTIES

7. Plaintiff, Peter Alt ("Alt"), is an adult individual residing in Summerfield, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

8.      Plaintiff, Barry Poole ("Poole"), is an adult individual residing in Wagener, South Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

9.      Plaintiff, Bruce Stark ("Stark"), is an adult individual residing in Carthage, Missouri, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

10.     Plaintiff, Millowe Kleinpeter ("Kleinpeter"), is an adult individual residing in Baton Rouge, Louisiana and is a "person" as the term is defined by 47 U.S.C. § 153(39).

11.     Plaintiff, Anthony Egert ("Egert"), is an adult individual residing in Sunrise Beach, Missouri, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

12.     Plaintiff, Elizabeth Shadduck ("E. Shadduck"), is an adult individual residing in Virginia Beach, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

13.     Plaintiff, Jeffrey Shadduck ("Shadduck"), is an adult individual residing in Virginia Beach, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

14.     Plaintiff, Michael OLeary ("OLeary"), is an adult individual residing in Eden Prairie, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

15.     Plaintiff, Justin Rubel ("Rubel"), is an adult individual residing in Albia, Indiana, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

16.     Plaintiff, Gary Nemerofsky ("Nemerofksy"), is an adult individual residing in Fair Play, South Carolina and is a "person" as the term is defined by 47 U.S.C. § 153(39).

17.     Plaintiff, Linda Jean Kreutzer ("Kreutzer"), is an adult individual residing in Lincoln, Oregon, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     Plaintiff, John Hassinger ("Hassinger"), is an adult individual residing in Chicago, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

19.     Plaintiff, Sandra Kacher ("Kacher"), is an adult individual residing in Burnsville,

Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. Plaintiff, Veronica Duncan ("Duncan"), is an adult individual residing in Raleigh, North Carolina and is a "person" as the term is defined by 47 U.S.C. § 153(39).

21. Plaintiff, Chuck Kellington ("Kellington"), is an adult individual residing in Hastings, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

22. Plaintiff, Thomas Brown ("Brown"), is an adult individual residing in Louisville, Kentucky, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

23. Plaintiff, Anthony Darden ("Darden"), is an adult individual residing in Parkton, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

24. Plaintiff, Ronald Lee ("Lee"), is an adult individual residing in Holton, Kansas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

25. Plaintiff, Kathleen Cobb ("Cobb"), is an adult individual residing in Holton, Kansas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

26. Plaintiff, Eli Hernandez ("Hernandez"), is an adult individual residing in Las Vegas, Nevada and is a "person" as the term is defined by 47 U.S.C. § 153(39).

27. Plaintiff, Ellen McMillian ("McMillian"), is an adult individual residing in Fayetville, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

28. Plaintiff, Lavern Augustine ("Augustine"), is an adult individual residing in Brookville, Kansas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

29. Plaintiff, Lois Riddle ("Riddle"), is an adult individual residing in Charlotte, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

30. Plaintiff, Russell Stark ("Stark"), is an adult individual residing in Florence, Kentucky, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

31. Plaintiff, Robin Hays ("Hays"), is an adult individual residing in Taylorsville, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

32. Plaintiff, Jimmie Williams ("Williams"), is an adult individual residing in Accomac, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

33. Plaintiff, Sergey Grishchuk ("Grishchuk"), is an adult individual residing in New Hope, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

34. Plaintiff, Lillya Grishchuk ("Grishchuk"), is an adult individual residing in New Hope, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

35. Plaintiff, Richard Greg ("Greg"), is an adult individual residing in Winchester, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

36. Defendant First Choice Payment Solutions G.P. is a Québec general partnership doing business as Sekure Merchant Solutions. Sekure's principal place of business is located at 333-1000 Rue Saint-Antoine O, Montréal, QC H3C 3R7, Canada, but it maintains locations in the United States, including at 1501 Broadway, 12th Floor, New York, New York, 10036, and is a "person" as the term is defined by 47 U.S.C. § 153(39). Sekure engages in telemarketing directed into the United States nationwide, including specifically into this District.

37. None of the Plaintiffs ever had a business relationship with Sekure and never consented to be contacted by Sekure on their cellular telephones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

38. The TCPA regulates, among other things, the use of automated telephone dialing systems.

39. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

  40. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## **FACTS**

  41. Sekure has repeatedly placed telemarketing calls using an automatic telephone dialing system to Plaintiffs' cellular telephones.

  42. Specifically, Sekure called Plaintiff Alt at cellular telephone number (336) 202-1034; Plaintiff Poole at cellular telephone number 803-xxx-1333;  Plaintiff Stark at cellular telephone number 417-xxx-7711; Plaintiff Kleinpeter at cellular telephone number 225-xxx-0793; Plaintiff Egert at cellular telephone number 573-xxx-2171; Plaintiffs E. and J. Shadduck at cellular telephone number 757-xxx-5323; Plaintiff OLeary at cellular telephone number 612-xxx-7000; Plaintiff Rubel at cellular telephone number 641-xxx -5365; Plaintiff Nemerofsky at cellular telephone number 864-xxx-5972; Plaintiff Kreutzer at cellular telephone number 541-xxx-8313; Plaintiff Hassinger at cellular telephone number 651-xxx-0719; Plaintiff Kacher at cellular telephone number 612-xxx-1742; Plaintiff Duncan at cellular telephone number 252-xxx-6357; Plaintiff Kellington at cellular telephone number 612-xxx-4626; Plaintiff Brown at cellular telephone number 502-xxx-4281; Plaintiff Darden at cellular telephone number 910-xxx-9527; Plaintiff Lee at cellular telephone number 785-xxx-0549; Plaintiff Cobb at cellular telephone number 785-xxx-0549; Plaintiff Hernandez at cellular telephone number 760-xxx-1576; Plaintiff McMillian at cellular telephone number 910-xxx-4137; Plaintiff Augustine at cellular telephone number 785-xxx-1229; Plaintiff Riddle at cellular telephone number 704-xxx-5394; Plaintiff Stark at cellular telephone number 859-xxx-1339; Plaintiff Hays at cellular telephone number 828-xxx-

7399; Plaintiff Williams at cellular telephone number 757-xxx-0835; Plaintiff S. Grischchuk at cellular telephone number 952-xxx-0140; Plaintiff M. Grishchuk at cellular telephone number 952-xxx -0140; and Plaintiff Richard at cellular telephone number 540-xxx-0242.

43. Each of the Plaintiffs' number were and are assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

44. Sekure called the Plaintiffs with the Five9 cloud-based predictive dialer. *See* https://www.five9.com/products (Five9 touts its "selection of automatic dialing modes.") (last visited May 17, 2019).

45. Sekure inserted each of the Plaintiffs' telephone numbers into the Five9 dialer to further its telemarketing efforts and attempt to sell its payment processing services.

46. Once Plaintiffs' telephone numbers were stored within the Five9 dialer, the dialer then dialed Plaintiffs' cellular telephones without any human intervention.

47. At all times mentioned herein, Sekure called Plaintiffs' cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1). When Plaintiffs answered calls from Sekure, they were often met with a period of silence before being connected with a live representative. This is indicative of Sekure's use of a "predictive dialer."

48. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

49. In addition, upon information and belief the hardware and software combination utilized by Sekure has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

50. Sekure did not have any of the Plaintiffs' prior express written consent to place automated telemarketing calls to Plaintiffs on their cellular telephones.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *ET SEQ*.

51. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporates them herein by reference.

52. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

53. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

54. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

55. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporates them herein by reference.

56. Defendant knowingly and/or willfully placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

57. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

58. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 17, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs